Mrs. Charles M. Boerman, *nee* María L. Fordhan, peticionaria, apelada y apelante, *v.* Herederos de Esther Bessie Boerman, opositores, apelantes y apelados. La Misma, peticionaria y apelante, *v.* Los Mismos, opositores y apelados.

Nos. 7060 y 7064.—*Sometidos:* Noviembre 22, 1935. *Resueltos:* Mayo 8, 1936.

*Mariano Acosta Velarde* y *Federico Acosta Velarde*, abogados de los opositores; *E. Ramos Antonini*, abogado de la peticionaria.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Luego de varias prórrogas para radicar el alegato, la apelante presentó una moción solicitando una prórroga adicional que le fué concedida por el Juez de Turno, con la advertencia de que sólo se accedería a nueva solicitud a virtud de la concurrencia de circunstancias realmente meritorias. El 13 de septiembre de 1935, la apelante radicó otra moción de prórroga y el Juez de Turno la concedió, haciendo constar que la misma tenía carácter de definitiva y última.

Nada se hizo por espacio de más de un mes después de vencida esta prórroga final. Entonces los apelados solicitaron la desestimación del recurso por haberse dejado de radicar el alegato. El letrado de la apelante presentó una contestación en que alega su propia enfermedad, la de un miembro de su familia y el haber estado altamente atareado como miembro de la Legislatura Insular. Considerando el tiempo transcurrido, no hallamos que las excusas de por sí sean suficientes para justificar la demora habida.

Hay dos casos ante nos, en cada uno de los cuales se ha presentado la misma moción para desestimar y las mismas excusas. En uno de ellos la corte inferior ordenó que se cargara a la apelante la suma de $1,260 por concepto de rentas sobre una finca rústica por ella ocupada. Se argumenta en apelación que ella residió allí como administradora de la finca, que la acción había prescrito, y se presentan también otros argumentos en que ella sostiene que tenía derecho a ocupar la finca. No estamos convencidos de que su apelación no sea meritoria, especialmente siendo ella una persona interesada en la herencia.

En el otro recurso la corte se negó a conceder honorarios de abogado a la apelante por defender las actuaciones y cuentas de ella como administradora. Tampoco estamos convencidos de que la cuestión suscitada no sea meritoria.

Difícilmente podríamos imaginarnos un caso más fuerte para desestimar una apelación por falta de alegato, pero ésta y otras cortes están dispuestas a ser liberales cuando un apelante realmente presenta su alegato y éste suscita cuestiones meritorias. Por tanto, en uso de nuestra discreción, no sin dejar de tener considerables dudas, las mociones para desestimar deben ser declaradas sin lugar.

La apelante radicó un señalamiento de errores en el primer caso, mas en el alegato presentado solamente discutió uno de los señalamientos. En la vista, por consiguiente, limitaremos al letrado a la argumentación del error así discutido. En otras palabras, durante la vista la controversia ante nos deberá ser limitada al derecho de la apelante a ocupar cierta casa sin pagar renta.

*Deben declararse sin lugar las mociones de desestimación.*

El Juez Asociado Señor Travieso no intervino.